Steven Murphy MD Pro Se
1 East Putnam Avenue
Greenwich CT 06830
203-658-6051 | 888-397-2148
Steven.murphy@greenwichdocs.com

FILED
U.S. BANKRUPTCY COURT
2019 JUN -3 AM 8:53
MIDDLE DISTRICT
OF GEORGIA
COLUMBUS

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| COREY KUPERSMITH, | Case No.: 16-70733 |
| Plaintiff, | |
| vs. | ADV.PRO.NO. 17-7025 |
| DAVID B. MCCUTCHEON, | |
| Defendant | CHAPTER 13 |
| | May 13, 2019 |
| | OBJECTION OF MOTION FOR CONTEMPT |

PURSUANT TO 45 CFR 160.103 I Steven A.R. Murphy MD claim privilege and protection of Mr Corey Kupersmith's medical records as defined in 45 CFR 160.103. This information is unauthorized for release by Mr. Kupersmith and subpoena to produce such record upon me failed to contain this authorization to release such Protected health information as defined in 45 CFR 160.103, where 'CFR' means 'Code of Federal Regulations', and, as defined, is referenced in Section 13400 of Subtitle D ('Privacy') of the HITECH Act. I object to this motion made to the court for Contempt of myself by David B McCutcheon on the aforementioned grounds.

Dated this 13 day of May, 2019.

_____
Steven A.R. Murphy MD

OBJECTION OF MOTION FOR CONTEMPT - 1

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | Chapter 13 |
| DAVID B. MCCUTCHEON | * | Case No. 16-70733 |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| COREY KUPERSMITH | * | Adversary Proceeding |
| | * | No. 17-7025 |
| Plaintiff. | * | |
| | * | |
| v. | * | |
| | * | |
| DAVID B. MCCUTCHEON | * | |
| | * | |
| Defendant. | | |

## MOTION FOR CONTEMPT AND REQUEST FOR SANCTIONS

Pursuant to Fed. R. Bankr. P. 9016(g) and Fed. R. Civ. P. 45(g), David McCutcheon, Defendant in the above referenced adversary proceeding moves this Court to hold Dr. Steven A. R. Murphy ("Dr. Murphy") in contmept and in support thereof represents the following:

1.

On April 2, 2019, The Defendant served a Subpoena to Produce Documents on Dr. Murphy. Exhibit 1.

2.

Pursuant to the Subpoena, Dr. Murphy had until April 29, 2019 to produce the subpoenaed documents. Exhibit 2.

3.

No objection to the subpoena was filed with the Court.

4.

As of May 7, 2019, Dr. Murphy has not produced the subpoenaed documents.

5.

Pursuant to Fed. R. Bankr. P. 9016(g) and Fed. R. Civ. P. 45(g), The Defendant moves for an order from this Court holding Dr. Murphy in Contempt and fining Dr. Murphy $50 per day to be paid into Court's registry until the documents requested in subpoena are produced.

This 7th day of May, 2019

/s/ William O. Woodall, Jr
William O. Woodall, Jr.
Attorney for Defendant

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604
(229) 247-1211
Georgia Bar No. 775043

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of _____

In re __David B. McCutcheon__
　　　　　Debtor

Case No. __16-70733__

*(Complete if issued in an adversary proceeding)*

Chapter __13__

__Corey Kupersmith__
　　　Plaintiff
　　　v.
__David B. McCutcheon__
　　　Defendant

Adv. Proc. No. __17-7025__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Dr. Steven A.R. Murphy, 1 E. Putnam A., Greenwich, CT 06830__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Complete medical records of Corey Kupersmith from January 1, 2010 to March 31, 2019

| PLACE Woodall and Woodall, 1003 N. Patterson St. Valdosta, GA 31602 | DATE AND TIME April 29, 2019 at 10:00 AM |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __3-28-19__

CLERK OF COURT

　　　　　　　　　　　　　　　　　　　　　OR

_____　　　　　　　_/s/ W. Woodall_
*Signature of Clerk or Deputy Clerk*　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__William O. Woodall, Jr__, who issues or requests this subpoena, are:
__1003 N. Patterson St., Valdosta, GA 31602, will@orsonwoodall.com, 229-247-1211__

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 2**

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

[X] I served the subpoena by delivering a copy to the named person as follows: **certified and first class mail**

_____ on *(date)* **March 28, 2019**; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: **3-28-19**

_____
Server's signature

**Will Woody**
Printed name and title

**1003 N. Patterson St. Valdosta GA 31601**
Server's address

Additional information concerning attempted service, etc.:

EXHIBIT 2

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



EXHIBIT 2

THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | BANKRUPTCY CASE |
| | * | NO. 16-70733 |
| | * | |
| David B. McCutcheon | | |
| Debtor. | * | Chapter 13 Proceeding |

| | | |
|---|---|---|
| Corey Kupersmith | * | ADVERSARY NO. 17-7025 |
| Plaintiff. | * | |
| v. | * | |
| David B. McCutcheon | * | |
| Defendant | * | |

**NOTICE OF HEARING**

David B. McCutcheon has filed with the Court a Motion for Contempt and Request for Sanctions.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, yo may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the court to grant the Motion for Contempt and Request for Sanctions, or if you want the Court to consider your views on the Motion for Contempt and Request for Sanctions, then you or your attorney must attend the hearing scheduled to be on:

Date: June 19, 2019
Time: 8:30 a.m.
Location:
United States Courtroom
Old Post Office and Federal Building
401 N. Patterson St.
Valdosta, GA 31601

If you mail your response or objection to the court for filing, you shall send it early enough so the court will receive the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or you attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004.

CERTIFICATE OF SERVICE

I certify that I have, this 8th day of May, 2019, served a copy of the foregoing Notice and Motion for Contempt and Request for Sanctions on the following:

Dr. Steven A.R. Murphy (Service via certified and 1st class mail)
1 E. Putnam A.
Greenwich, CT 06830

Cory Kupersmith
41-B Byram Terrace Drive
Greenwich, CT 06831

United States Trustee - MAC
440 Martin Luther King Jr. Blvd., Ste. 302
Macon, GA 31201

via electronic notice or by depositing the same in the U.S. Mail in a properly addressed envelope with first class postage affixed thereon to insure delivery.

/s/ William O. Woodall
William O. Woodall

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604-3335
(229) 247-1211
Georgia Bar No. 775043

```
DR. STEVEN MURPHY              0.3 LBS LTR 1 OF 1
(407) 284-7946                 SHP WT: LTR
THE UPS STORE #0822            DATE: 28 MAY 2019
15 E PUTNAM AVE
GREENWICH  CT  06830-5424

SHIP  UNITED STATES COURTROOM
TO:   OLD POST OFFICE 3 FEDERAL BUILDING
      #212
      401 N PATTERSON ST

      VALDOSTA  GA 31601
```



GA 316 0-01

UPS NEXT DAY AIR          1
TRACKING #: 1Z X06 208 01 3587 5785



BILLING: P/P

REF #1: PC

ISH 13.00N ZZP 450 12.5V 04/2019

d notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and
certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration
                                                                                              BRD R 0419



UNITED STATE
401 N PATT
RM 212
VALDOSTA
P. BT
VN

Handwritten (rotated):
Diagnostic and Medical Specialists
1 East Putnam Ave
Greenwich CT 06830

United States Courtroom
Old Post Office 3 Federal Building
401 N. Patterson St
#212
Valdosta, GA 31601



U. S. Courts, Middle District Of Georgia
Office of the Clerk
401 N. PATTERSON STREET
SUITE 212
VALDOSTA, GA 31601

US Bankruptcy Court
P.O. Box 2147
Columbus, GA 31902

TALLAHASSEE FL 323
28 MAY 19

Rec'd 5/29/19
from UPS



S75432.013

$0.65 0
US POSTAGE
FIRST-CLASS
0625-1971195569
31601