IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | |
| DAVID B. MCCUTCHEON | Chapter 13<br>Case No. 16-70733 |
| Debtor. | |
| COREY KUPERSMITH | Adversary Proceeding<br>No. 17-7025 |
| Plaintiff. | |
| v. | |
| DAVID B. MCCUTCHEON | |
| Defendant | |

## NOTICE OF HEARING
## ON MOTION TO DISMISS AND FOR SANCTIONS

David B. McCutcheon HAS FILED DOCUMENTS WITH THE COURT FOR A Motion to Dismiss and for Sanctions in the above adversary proceeding case under Bankruptcy Rule 7056 and LBR 7056-1.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the court to grant the relief sought, or if you want the court to consider your views on the motion, then you or your attorney shall attend the telephonic hearing scheduled on:

**March 4, 2021 AT 10:00 A.M. VIA TELEPHONE**

In order to participate in hearing, you must call at least 5 minutes before start of hearing.

Phone Number 888-684-8852
Access Code 8196200

For any other questions, please refer to Administrative Order 139.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

This notice is sent by the undersigned pursuant to LBR 9007.

This the 4th day of February, 2021.

/s/ William O. Woodall, Jr.
William O. Woodall, Jr.

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604-3335
(229) 247-1211
Georgia Bar No. 775043

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | **Chapter 13** |
| **DAVID B. MCCUTCHEON** | * | **Case No. 16-70733** |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| **COREY KUPERSMITH** | * | Adversary Proceeding |
| | * | No. 17-7025 |
| Plaintiff. | * | |
| | * | |
| v. | * | |
| | * | |
| **DAVID B. MCCUTCHEON** | * | |
| | * | |
| Defendant. | | |

**DEFENDANT'S MOTION FOR DISMISSAL UNDER RULE 7041(b) AND SANCTIONS UNDER RULE 7016(f)(1)(C)**

Comes now David B. McCutcheon, Defendant, and shows the following:

FACTS

1.

Mr. McCutcheon filed a chapter 13 bankruptcy on July 12, 2016.

2.

In the petition, Mr. McCutcheon listed Ronald Chorches as an undisputed, unsecured creditor. Mr. Chorches is the Chapter 7 trustee in the Plaintiff's bankruptcy case. On February 6, 2020, Plaintiff's discharge was revoked due to conversion of estate property.

3.

After Mr. McCutcheon filed his chapter 13 bankruptcy, he proposed a plan of reorganization.

4.

On August, 8, 2017, this Court enter an ordered confirming the Chapter 13 plan.

5.

On October 31, 2017, Plaintiff filed a complaint against Mr. McCutheon for revocation of discharge. Plaintiff and Mr. McCutcheon had been partners in a failed business named Cheytac USA LLC.

6.

After filing of the adversary, there were many motions and contested matters in this case. There were issues regarding discovery / admissions in which this Court held a hearing. Mr. McCuthceon filed a motion for summary judgment which this Court denied. Discovery has been continued multiple times, sometimes by agreement and/or at the Plaintiff's request.

7.

Plaintiff filed this adversary proceeding pro se. Shortly after the filing, Plaintiff hired Ellery Plotkin as his attorney. Mr. Plotkin represented Plaintiff until April 30, 2019. Afterwards, Plaintiff hired John Madigan for representation. Since there has been no formal notice of representation filed by Mr. Madigan, Defendant is not sure of actual date his representation started. Mr. Madigan first appeared telephonically at a hearing in June 2020.

8.

On August 13, 2020, this Court entered an order scheduling trial attached as Exhibit 1 [DKT 128]. The order scheduled the trial for November 3, 2020 in Columbus, GA. The order required all exhibits anticipated to be used during the hearing to be exchanged with the other side no later than noon on Friday, October 30, 2020.

9.

On October 27, 2020, a telephonic hearing was held regarding the Plaintiff's motion to continue trial set for November 3, 2020. Plaintiff argued that he could not travel due to medical limitations. The Court granted the motion to continue the trial until May 4, 2021. At the hearing, there was a specific conversation concerning the date in which documents to be presented at trial would be given to opposing parties. The Court stated that the October 30, 2020 date would remain in effect.

10.

On th morning of October 30, 2020, Defendant's counsel contacted Mr. Madigan to verify the form of delivery for Defendant's documents. Defendant's counsel explained he could email the documents to him that morning or he could put on a hard drive and mail. Mr. Madigan stated that he preferred the hard drive. Defendant's counsel promptly mailed the hard drive and verified receipt by Plaintiff's counsel on November 5, 2020.

11.

On November 5, 2020, Mr. Madigan sent an email to Defendant's attorney explaining that he had received Defendant's documents and would review. After reviewing the documents, he would forward any documents that Defendant did not already have. Defendant's attorney replied to the email to requesting all the documents he intended to present at trial whether or not they were duplicates. This was the last contact Defendant's attorney had with Mr. Madigan.

12.

On December 1, 2020, Defendant filed a motion to compel Plaintiff to comply with scheduling order attached as Exhibit 2 [DKT 132]. Specifically, Defendant requested documents Plaintiff intended to present at trial. Defendant mailed notice of hearing via certified mail to

Plaintiff and Mr. Madigan. Plaintiff and Plaintiff's attorney received the motion as evidenced by the certified mail receipt attached as Exhibit 3.

13.

On December 14, 2020, this Court held a hearing regarding the motion to compel. Plaintiff nor Mr. Madigan participated in the hearing.

14.

On January 4, 2021, this Court entered an order attached as Exhibit 4 [DKT 138] directing that the Plaintiff's exhibits, which should have been provided to Defendant's Counsel by October 30, 2020, be provided to Plaintiff's Counsel not later than January 10, 2021. Failure to produce exhibits by that date may result in sanctions.

15.

On January 11, 2021, Defendant's Counsel still had not received the documents and sent a letter to Plaintiff and Plaintiff's counsel via certified mail attached as Exhibit 5. The letter gave a deadline to produce the documents by January 22, 2020 (There was a typo on letter, correct deadline date should have been January 22, 2021). The letter enclosed a copy of the order granting the motion to compel docketed on January 4, 2021. Both Plaintiff and Plaintiff's counsel received the letter as evidenced by the certified mail receipt attached as Exhibit 6. The letter stated that if Defendant's Counsel did not receive the documents by the deadline, Defendant would request sanctions and dismissal.

17.

Plaintiff or Plaintiff's attorney still have not provided any documents.

## LEGAL ANALYSIS

### RULE 41(B)

Bankruptcy Rule 7041 makes applicable Rule F.R.Civ.P. 41. Rule 41 governs dismissal of actions.

Rule 41(b): Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

"The standard for dismissal with prejudice under Rule 41(b) in the Eleventh Circuit is 'whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.' _Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)._ Some circuits consider several factors when determining if dismissal is appropriate under Rule 41(b). This list includes 'the severity of the violation, the legitimacy of the party's excuse, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.' _Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007)._" _Smith v. Atl. Southern Bank (In re Smith), No. 07-20244, AP. No. 09-02033, 2011 Bankr. LEXIS 5532, 2010 WL 5690097, (Bankr. S.D. Ga Jan. 31, 2010)_(citing _Goforth_ and _Malot_).

### Failure to Prosecute

"Extreme circumstances justifying dismissal with prejudice may include delay stretching over years, _Malot, 478 F3d at 44_, or a plaintiff's long pattern of conduct that amounts to want of prosecution, _Jones v. Graham, 709 F.2d 1457, 1462 (11th cir. 1983)._" _Smith, 2011 Bankr. LEXIS 5532, at 11_ (citing _Malot_ and _Jones_). The present case has been pending since October 31, 2017.

Review of the docket shows the following:

| | |
|---|---|
| Docket Entry 12 | Motion to extend time to answer Defendant's first interrogatories and request for production and request for admissions |
| Docket Entry 15 | Motion to extend time to complete discovery |
| Docket Entry 16 | Motion to extend time to answer Defendant's first interrogatories and request for production |
| Docket Entry 29 | Motion to Allow Plaintiff's Responses to Defendant's Request for Admissions (Plaintiff had submitted untimely responses to Defendant' request for admissions, this Court had to hold a hearing to determine if responses were admitted or not) |
| Docket Entry 63 | Motion to extend time to file response to summary judgment |
| Docket Entry 75 | Motion to withdraw as attorney filed by Ellery Plotkin |
| Docket Entry 130 and 131 | These entries were hearings held concerning the oral motion to continue the trial. These hearings were held less than 7 days before the trail was to start. |
| Docket Entry 132 | Motion to compel Plaintiff to comply with scheduling order |

These are the examples of delay in the present case. While these examples alone may not show a pattern of bad faith delay, one only needs to look at the Docket Report of Adversary Proceeding, *US Trustee v. Kupersmith, Case No. 18-05015, District of Connecticut (Bridgeport)*, attached as Exhibit 7, in which the Plaintiff has been involved to see that delay is a common

practice of Plaintiff.

In that case, the US Trustee brought an action against Mr. Kupersmith for revocation of discharge. The compliant alleged that Mr. Kupersmith had converted estate property. Like the present case, the 18-05015 adversary was fraught with delay. The US Trustee summarized Mr. Kupersmith's actions in her "Objection to Defendant/Debtor's Third Motion for Extension of Time to Respond to Summary Judgment" attached as Exhibit 8. As the Exhibit 7 and 8 show, Mr. Kupersmith filed an answer and the US Trustee had to file Motion for More Definite Statement. US Trustee filed a request for discovery; Mr. Kupersmith filed a motion to extend to respond to admissions attached as Exhibit 9. US Trustee filed for summary judgment. Mr. Kupersmith requested 3 extensions to file response to motion to summary judgments attached as Exhibit 10, 11, and 12. The first request was granted. The second request was conditionally granted. The third request for extension was denied. Mr. Kupersmith then appealed to district court after the third denial. The district court ruled against Mr. Kupersmith and the bankruptcy court entered an order, attached as Exhibit 13, granting the US Trustee's motion for summary judgment. In every request for extension, Mr. Kupersmith stated that he unable to meet a deadline because of his medical condition.

Looking at the present case and the Connecticut Adversary case, it is clear that Mr. Kupersmith has engaged in a long pattern of conduct that has resulted in years of delay amounting to failure to prosecute this claim.

### Wilful Disregard of Court Orders

"Extreme circumstances justifying dismissal with prejudice may also include 'intentional and willful disregard of the Court's orders.' *Arundar v. Staff Builders Temp. Pers., Inc., 92 F.R.D. 770 (N.D. Ga 1982)*. 'Without a doubt, the disregard of court orders qualifies as extreme

behavior, and we do not take such insolence lightly.' *Malot, 478 f.3d at 44.*" *Smith,2011 Bankr. LEXIS 5532, at 11* (citing *Malot* and *Arundar*).

Mr. Kupersmith has violated order scheduling trial attached as Exhibit 1 [DKT 128]. The order calls for exhibits to be submitted at trial to be exchanged with other side by October 30, 2020. Plaintiff has not made his documents available. Mr. Kupersmith has violated order to compel attached as Exhibit 4 [DKT 138]. This order required that Plaintiff turn over documents to be presented at trial to Defendant by January 10, 2021. To date, Plaintiff has failed to turnover documents. After the January 10, 2020 deadline passed, Defendant sent a letter, attached as Exhibit 5, stating that he would request dismissal and sanctions if he did not receive documents by January 22. Plaintiff has not responded to any of the requests. These are examples of the willful contempt as explained in *Goforth.*

### Legitimacy of Excuse

Since Plaintiff and Plaintiff's counsel have violated court order and not responded to any of Defendant's request for documents, there is no way to judge the legitimacy of excuse.

### Prejudice Suffered by Defendant

"Dismissal under Rule 41(b) is often warranted when the Defendant has suffered prejudice as result of the plaintiff's conduct. *Direct Media Corp. V. Camden Telephone & Telgraph Co., 989 F.Supp 1211, 1220 (S.D. Ga 1997).*" *Smith,2011 Bankr. LEXIS 5532, at 12* (citing *Direct Media Corp.*). Here, the Defendant has incurred unnecessary attorney fees and costs. Defendant has prepared for trial only to have it continued less than a week before the start date, prepared and filed a motion to compel, participated in a telephonic hearing, and prepared and file motion to dismiss and sanctions. In addition, Plaintiff has been in possession of Defendant's documents intended for trial since November 5, 2020. Plaintiff has had 3 months to

view Defendant's documents while Plaintiff had withheld it documents from Defendant. This delay is extremely prejudicial to Defendant in light of a May 4, 2021 trial date.

### Adequacy of Lesser Sanctions

It is clear that dismissal is the only suitable remedy. The Plaintiff had shown that he can't adhere to this Court's orders or the Connecticut bankruptcy court's orders. Furthermore, any monetary penalty against Plaintiff would be futile since Plaintiff is bankrupted with no discharge.

## RULE 16 SANCTIONS

Bankruptcy Rule 7016 make applicable F.R.Civ.P. 16. Rule 16(f) governs sanctions provision of the rule.

Rule 16(f)(1): In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order. F.R.Civ.P.16(f)(1)(C)

Remedies available under Rule 37 include:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

F.R.Civ.P.37(b)(2)(A)(ii-vii)

Rule 16(f)(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the Court must order the party, its attorney, or both to pay the reasonable expenses - including attorney's fees - incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

The Plaintiff has violated a scheduling order and order to compel. After violation of these orders, Defendant sent a letter warning of dismissal and sanctions if Plaintiff did not forward the documents by January 22, 2021 (letter had typo and deadline was January 22, 2020). Since Plaintiff has violated these orders and has had no contact with Defendant, the Court should impose fees and costs to Plaintiff and Plaintiff's attorney. Defendant has incurred attorney fees in the amount of $3,975.00 and costs in the amount of $78.42 for a total of $4,053.42. An itemization of the fees and costs is attached as Exhibit 14.

Under Rule 37(b)(2)(A), the Court must prohibit the Plaintiff from supporting or opposing designated claims and from introducing designated matters in evidence. Plaintiff should not be able to submit any evidence that he has not turned over to Defendant. Additionally, this action should be stayed until the scheduling order is obeyed and any fees and costs imposed by Court have been paid by Plaintiff or Plaintiff's counsel to Defendant's counsel.

Wherefore, Defendant prays this Court:

1) Order that Plaintiff and/or Plaintiff's attorney pay fees and costs associated with this motion;

2) Dismiss this complaint and any other claim Plaintiff may have agaisnst Defendant;

3) Strike any evidence that Plaintiff has not submitted to Defendant;

4) Impose additional sanctions against Plaintiff that the Court deems appropriate;

5)    Order any other relief that it deems fair and equitable.

This 4th day of February, 2021.

/s/ William O. Woodall, Jr
William O. Woodall, Jr.
Attorney for Defendant

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604
(229) 247-1211
Georgia Bar No. 775043