

**SIGNED this 25 day of March, 2021.**

_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DAVID B. MCCUTCHEON** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 16-70733-JTL** |
| | ) | |
| | ) | |
| | ) | |
| **COREY KUPERSMITH** | ) | |
| | ) | **ADVERSARY NO. 17-7025** |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID B. MCCUTCHEON** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTIONS TO DISMISS AND FOR SANCTIONS**

The above styled matter came before the Court on the Defendant's Motion to Dismiss and Motion for Sanctions. Def's Mot. for Sanctions, ECF No. 142; Def.'s Mot. to Dismiss, ECF No. 143. In his motion to dismiss, Defendant David B. McCutcheon asks the court to dismiss this adversary under the standard set forth in *Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985).

For the reasons stated below, the Court concludes that, because of the Plaintiff's clear record of delay and the inadequacy of lesser sanctions, the Court should dismiss this adversary proceeding. Because the Court is granting the Defendant's motion to dismiss as a sanction, both motions are granted.

## I. PROCEDURAL POSTURE AND FACTS PLED

On October 31, 2017, the Plaintiff, Corey Kupersmith filed a complaint requesting the revocation of the discharge granted to the Defendant, David B. McCutcheon. Pl.'s Compl. ECF No. 1. David B. McCutcheon previous filed and had a plan confirmed by this Court on August 8, 2017. *David B. McCutcheon*, 16-70733, Order Confirming Plan, ECF No. 24. The Plaintiff claims that because of allegations of false representations made to the Court, the Debtor's discharge granted in his bankruptcy case should be revoked under 11 U.S.C. § 1330. Pl.'s Compl., ECF No. 1.

The original discovery deadline in this case was March 12, 2018. Order Scheduling Telephone Status Conference and Rule 16 Deadlines, ECF No. 9. On December 21, 2017, the Defendant provided the Court a certificate of service for its first interrogatories. Certificate of Service, ECF No. 11. The Plaintiff filed a motion for extend time to answer the interrogatories on January 22, 2018. Pl.'s Mot. to Extend Time, ECF No. 12. The Court granted that motion extending the time answer. Order Granting Mot. to Extend, ECF No. 13.

On February 21, 2018 the Plaintiff moved again for a motion to extend to answer the Defendant's first interrogatories. Pl.'s Mot. to Extend Time, ECF No. 16. The Court granted the Plaintiff's motion to extend time until February 28, 2018 to answer the Defendant's interrogatories. Order Granting Mot. to Extend, ECF No. 21. On February 15, 2018, the Plaintiff moved to extend time to complete discovery. Pl.'s Mot. to Extend, ECF No. 16. The Defendant responded to the motion with opposition. Def.'s Resp. With Opp., ECF No. 17. The Court held a hearing on that motion on March 8, 2018 and granted the Plaintiff's motion on March 12, 2018 extending the time to complete discovery indefinitely. Hr'g Held, ECF No. 23; Order Granting Mot. to Extend, ECF No. 24.

On August 13, 2020, after the close of discovery, the Court scheduled this case for trial on November 3, 2020. Order Scheduling Trial, ECF No. 128. In its order scheduling trial, the Court ordered that exhibits must be exchanged by the Parties by October 30, 2020. *Id.* On October 26, 2020, the Court received an email from the Plaintiff's attorney requesting a continuance of the trial on his client's behalf. E-mail from John Madigan, ECF No. 146. The Court interpreted the Plaintiff's request as an oral motion for continuance and held a hearing on the motion October 29, 2020. Hr'g Held, ECF No. 131. The Court orally ordered the parties to exchange exhibits by the original deadline, October 30, 2020. However, the Court entered an order that mistakenly reported the deadline to exchange exhibits as April 30, 2021. *Id.*; Order Scheduling Status Conference and Trial, ECF No. 133. The Defendant timely produced his exhibits to the Plaintiff. Def.'s Mot. to Dismiss, ECF No. 143. The Plaintiff did not comply. *Id.*

On December 1, 2020, the Defendant filed a motion to compel the Plaintiff to produce his exhibits. Def. Mot. to Compel. ECF No. 132. On December 31, 2020, the Court ordered the Plaintiff to produce his exhibits and amended the scheduling order to require the Plaintiff

produce his exhibits to the Defendant by January 10, 2021. Order Granting Def's Mot. to Compel, ECF No. 138; Am. Order Scheduling Order; ECF No. 139. Again, the Plaintiff failed to produce his exhibits to the Defendant. Def.'s Mot. to Dismiss, ECF No. 143.

On February 4, 2021, the Defendant filed a motion to dismiss and a motion for sanctions following the Plaintiff's failure to comply with the Court's scheduling order and motion to compel. Def's Mot. for Sanctions, ECF No. 142; Def.'s Mot. to Dismiss, ECF No. 143. The Court heard the motions on March 4, 2021 and took the matter under advisement. Hr'g Held. ECF No. 144.

## II. DISCUSSION
### A. Legal Standard

Federal Rules of Bankruptcy Procedure Rule 7041 incorporates Rule 41 of the Federal Rule of Civil Procedure. Rule 41(b) of the Federal Rules of Civil Procedure states an action may be dismissed by a defendant for a plaintiff's failure to comply with the other Federal Rules or a court order. "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth,* 766 F.2d at 1535. The Defendant argues that the Plaintiff's behavior in this case warrants his case's dismissal. This Court agrees.

### B. Clear Record of Delay

Defendant's contends that the Plaintiff has engaged in delay leading to prejudice against the Defendant. The Eleventh Circuit has found that dismissal is appropriate in cases in which it is clear the plaintiff has engaged in "a clear record of delay." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005). The procedural history of this case demonstrates a clear record of delay.

Before the behavior about which the Defendant complained in this motion, the Plaintiff has previously delayed this case's progress. The Plaintiff delayed discovery by consistently requesting extensions to answer discovery requests and failed to commence its own discovery before requesting an extension from the Court. Pl.'s Mot. to Extend, ECF No. 16;. Hr'g Held, ECF No. 23. During the hearing on the motion to extend held on March 8, 2018, the Defendant expressed his concern that the Plaintiff had not made efforts to complete discovery – at the time of the hearing, the Defendant had received one request for a deposition and no interrogatories had been sent to the Defendant. *Id.* When the Court asked why interrogatories were not sent, the Plaintiff's attorney discussed that he had been busy, but the Plaintiff's schedule, illness, and numerous obligations had not allowed for the interrogatories to be finalized. *Id.* After the hearing, the Court extended the time to complete discovery indefinitely. Order Granting Mot. to Extend, ECF No. 24.

The Plaintiff's record of delay also includes the Plaintiff's motion to continue trial one week before the trial was scheduled to begin The Eleventh Circuit looks disapprovingly toward dismissing cases where the fault lies with the attorney, not the party. *See Betty K Agencies, Ltd.,* 432 F.3d at 1340. At this point, however, Plaintiff had hired another attorney and the delays continued.

On October 29, 2020, the Court held a hearing on Plaintiff's motion to continue the trial that was scheduled for November 2, 2020. Hr'g Held, ECF No. 131. On December 1, 2020, the Defendant filed a motion to compel the Plaintiff to produce his exhibits. Def. Mot. to Compel. ECF No. 132. The Court held a hearing on December 14, 2020, during which the Defendant's counsel expressed his concerns that he was prejudiced by the Plaintiff's delay. Hr'g Held, ECF No. 137. Neither the Plaintiff nor his attorney appeared at that hearing. *Id.* On December 31,

2020, the Court granted the Defendant's motion to compel and amended the scheduling order requiring the Plaintiff to produce his exhibits to the Defendant by January 10, 2021. Order Granting Def's Mot. to Compel, ECF No. 138; Am. Order Scheduling Order; ECF No. 139. Defendant's communicated to Plaintiff's counsel is request for Plaintiff's exhibits by January. Def's Mot. for Sanctions, ECF No. 142; Def.'s Mot. to Dismiss, ECF No. 143.

On February 4, 2021, the Defendant filed a motion to dismiss and a motion for sanctions following the Plaintiff's failure to comply with the Court's scheduling order and motion to compel. Def's Mot. for Sanctions, ECF No. 142; Def.'s Mot. to Dismiss, ECF No. 143. Minutes before the hearing, the Court was informed that the Plaintiff's dismissed his attorney in November, which the Plaintiff denied in the hearing, calling the withdrawal a misunderstanding. Hr'g Held, ECF No. 144. During the hearing, the Plaintiff had no excuse as to why the exhibits had not been produced. *Id.* As of the date of the hearing, the Plaintiff had not produced the exhibits and delayed producing his exhibits to the Defendant approximately five months beyond the original date set by the Court.

The Court finds that the Plaintiff's behavior in this case demonstrates a clear record of delay. The Plaintiff has failed to timely respond to motions, delayed discovery, continued a trial with roughly one week's notice, failed to appear at hearings, and has failed to timely exchange the exhibits to be used at trial. The Plaintiff's actions cannot be attributed to counsel given the Plaintiff has had two attorneys and appeared intermittently as a pro se litigant, yet the delays have been consistent. Therefore, the Court finds there is a clear record of delay by the Plaintiff, warranting this case's dismissal.

### C.  Lesser Sanctions Insufficient

Under the standard in *Goforth v. Owens ,*766 F.2d at 1535, the Court must also find that "lesser sanctions would not suffice" to warrant dismissal. The Court may find that lesser sanctions would not suffice in cases in which one party "greatly prejudiced" by the other party's actions. *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.,* 41 F.3d 1454, 1457 (11th Cir. 1995).

The Defendant has irreparable prejudice caused by the failure of the Plaintiff to exchange his exhibits in anticipation of trial. The trial for this adversary proceeding is scheduled for May 2, 2021. Order Scheduling Status Conference and Trial, ECF No. 133. The Plaintiff received the Defendant's exhibits in the beginning of November. Def.'s Mot. to Dismiss, ECF No. 143. As of March 4, 2021, the Defendant had not received the Plaintiff's exhibits to prepare for trial, two months before the trial is scheduled to begin. Hr'g Held, ECF No. 144. The Plaintiff has had an unfair advantage of approximately five extra months to prepare for trial, greatly prejudicing the Defendant. Because the delay has already greatly prejudiced the Defendant, a lesser sanction than dismissal would not serve the interests of justice. *See Goforth,* 766 F.2d at 1535.

Furthermore, other sanctions would not suffice in the interest of justice. The Court see no lesser sanctions appropriate for Plaintiff's behavior.

The Court first finds additional court orders insufficient to sanction the Plaintiff. The Plaintiff has previously disregarded Court orders, including the Scheduling Order which required the Plaintiff to produce his exhibits and the Order Granting the Defendant's Motion to Compel which again required the Plaintiff to produce his exhibits. After repeated failures to comply with Court orders, the Plaintiff has demonstrated a pattern of disregarding the Court's authority - a pattern the Court sees no effort by the Plaintiff to change or rectify.

The Court finds that monetary sanctions would be insufficient to rectify the offense for several reasons. First, as stated above, the Plaintiff has failed to comply with Court orders on

numerous occasions. Even were the Court to order monetary sanctions, the Defendant argues the Plaintiff does not have the means the comply with the judgement. The Court can consider the likelihood of collection when declining to impose monetary sanctions in favor of dismissal. *See In re Theokary,* 468 B.R. 729, 751 (Bankr. E.D. Pa. 2012), *aff'd sub nom. Theokary v. Shay,* No. CIV.A. 10-0058, 2013 WL 5823849 (E.D. Pa. Oct. 29, 2013), *aff'd sub nom. In re Theokary,* 592 F. App'x 102 (3d Cir. 2015). The Plaintiff has previously declared bankruptcy, and was denied discharge, likely leaving many creditors unpaid. Plaintiff's counsel has advised the Court he was handling the case pro bono. If granted monetary sanctions, the Defendant will likely be unsuccessful in its collection efforts. Finally, monetary sanctions cannot remedy the extra time the Plaintiff has had to prepare for trial with the Defendant's exhibits.

The Court also considered procedural sanctions, such as excluding the Plaintiff's evidence from trial or barring the Plaintiff from bringing affected claims during trial, but also found those sanctions insufficient. The Plaintiff's failure to produce its evidence, however, encompasses the Plaintiff's entire claim and basis for trial. The Plaintiff has the burden of proof under 11 U.S.C. § 1330 to prove that revocation is appropriate. *See In re Abrams*, 305 B.R. 920, 922 (Bankr. S.D. Ala. 2002). Were the Plaintiff sanctioned such that he was barred from presenting his evidence or claims, the result would, in effect, be a directed verdict for the Defendant.

### III. CONCLUSION

The Court finds that the dismissal appropriate under the standard set forth in *Goforth v. Owens ,*766 F.2d 1533. Accordingly, the Court grants the Defendant's motion to dismiss as a sanction and an order will be entered dismissing this adversary proceeding.