IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

In Re:

DAVID B. MCCUTCHEON

Debtor.

CHAPTER 13 BANKRUPTCY

CASE NO. 16-70733-JTL

**FILED**
U.S. Bankruptcy Court
APR 9 2021
Middle District of Georgia

COREY KUPERSMITH
Plaintiff

v.

DAVID B. MCCUTCHEON
Defendant

Adversary Proceeding

CASE NO. 17-7025

## PRO SE PLAINTIFF'S MOTION FOR RECONSIDERATION

## UNDER 7052, 9023 and 9024

The Pro-Se Plaintiff, Corey Kupersmith, is the above-named bankruptcy motions this honorable United States Bankruptcy Court, Middle District of Georgia Valdosta Division, to grant him motion for consideration under 7052, 9023 and or 9024. This motion is being filed timely. The Plaintiff requests the opportunity to address Judge John T. Laney, III's adverse ruling against Mr. Kupersmith and his attorney of record, John Madigan. Without this opportunity, Mr. Kupersmith will definitely be deprived of his Constitutional Rights of due process under the United States Constitution. As evidenced on docket # 51, signed on March 15, 2019, Kupersmith v. McCutcheon, case # 17-07025, document #73, Judge Laney

denied the Defendants' Motion for Summary Judgement. Based on the evidence presented and adjudicated, Judge Laney made a scathing decision against the Defendant McCutcheon, therefore, it is unfathomable that the Judge would err in such a obviously biased and unconstitutional manner as to deprive Plaintiff Kupersmith a fair and unbiased trial.

1. Describe the judgement, order, decree appealed from:
   1. Judge Laney affirmed a 15 page decision against David B. McCutcheon, in which Mr. McCutcheon denied stealing, misappropriating money and property from the Plaintiff. Plaintiff is requesting a fair review of the dismissal. It's apparent in Judge Laney's decision in the Defendant's Motion to Dismiss, that the Judge understood the actions and inactions of Mr. Kupersmith's attorney, John Madigan. It is unconscionable that Judge Laney would dismiss a case on procedure and blame the Plaintiff for his attorneys' lack of fiduciary duty and due diligence on behalf of his client, Mr. Kupersmith. Plaintiff Kupersmith was denied critical files by all parties involved and to further mock the court, Defendant's Attorney Woodall, stated under Oath that he sent a certified letter to Mr. Kupersmith, which Mr. Kupersmith veminently denies. The Plaintiff further testified that he had never received or been copied on any court documents over the past 6 months.
   2. Plaintiff's attorney, John Madigan, in an attempt to deceive the court and his client Kupersmith, made numerous false statements to the court under Oath. Plaintiff Kupersmith's attorney, John Madigan, as stated by the Defendant's attorney, had a willful disregard to the court, by not simply answering the court's requests for documents, that were already on the record. To clarify, in defense of John Madigan, no documents other than which were on the record and already submitted, were necessary and therefore, no one was prejudiced by his lack of attentiveness to the court; it was only client Kupersmith that was in anyway damaged by

Attorney John Madigan's lack of fiduciary duty to his client. It's imperative that Mr. Kupersmith is given his due process to clear the record and open the judgement of David McCutcheon's fraudulent bankruptcy in the interest of justice. For Judge Laney to allow the dismissal of this case would have devastating and far-reaching impact and could in fact endanger the welfare and the security of our entire nation. Mr. Kupersmith's entire empire, which included the most powerful sniper weapon system in the entire world, was stolen while he laid in critical condition in the hospital. The very people who were supposed to protect Mr. Kupersmith (including his own attorneys, trustees, and judges) from harm, were the exact people who have robbed and deprived Mr. Kupersmith of his right of due process, his entire fortune and legacy that he was preparing to leave to his children. Since the sniper system is a risk to the general public, it is imperative that Mr. Kupersmith be able to have a fair trial before a unbiased judiciary. By allowing these criminals to walk away without being held accountable, it exacerbates the injustice that's already been done to Plaintiff Kupersmith, an honorable man.

3. The CheyTac sniper system was manufactured to protect our United States military and our country at large. It's a travesty that Mr. Kupersmith, as ill as he is over the past 10 years, needs to spend every moment (when physically possible) not only fighting for his own life, but fighting to protect the lives of others, including our military. Herein now, I want to again document the fact that I will not be held accountable because of bureaucratic politics, running which should be a factual investigation that is being purposely denied/withheld. These are the most deadly weapons because they are the most accurate and longest aiming (ability to hit the target at over 2 miles) because this is the most sophisticated sniper system in the world, which potentially could be used against any world leader.

4. Sanctions are heavy handed in creating an unjust outcome and allowing criminals to walk freely without penalty or trial. As a matter of law, the deadliest sniper system in the world remain unaccounted for.

5. Judge Laney's erroneous decision to dismiss contradicts his earlier decision allowing the Plaintiff Kupersmith and his attorney, John Madigan, the ability to file any and all exhibits for trial, as long as they were docketed 60 days prior to trial. Hence, Judge Laney erred and it's imperative in the interest of justice to reverse his decision of dismissal.

6. The court denied the Defendants' Motion for Summary Judgement and affirmed that the Plaintiff had probable cause.

7. This court has further prejudiced and punished the Plaintiff, who is the victim in this case; he was abused by his attorneys and the defendant for years, while he was undergoing serious treatments for his medical conditions. Attorney John Madigan failed to withhold his fiduciary duties towards his client and has helped obstruct justice for Plaintiff Kupersmth. Plaintiff Kupersmith has contacted Attorney John Madigan repeatedly via phone calls, text messages and emails, with no avail. Mr. Kupersmith even notified the court that Attorney Madigan was non-responsive. Mr. Kupersmith actually sent a friend over to Attorney Madigan's home because Mr. Kupersmith was concerned with the well-being of his attorney, John Madigan.

8. Attorney John Madigan should have been sanctioned for failing to communicate and comply with the Judge's orders, as well as the fact that Attorney Madigan was the attorney of record, and therefore, needed to comply with any correspondence from the court, as well as Attorney Woodall's motions. Once again, Judge Laney erred by dismissing the case, rather than heavily sanctioning John Madigan. Attorney John Madigan failed to comply with court orders, which included vigorously defending his client; this is evidenced by Plaintiff Kupersmith writing his own Motion for Reconsideration. Plaintiff Kupersmith is writing this motion because his

attorney, John Madigan, remains non-responsive to my attempts to repeatedly contact him. It is important to address the fact that Attorney Madigan is not complying with the Judge's court order from the hearing on March 4, 2021, when Judge Laney ordered Attorney John Madigan to remain counsel of record and that Attorney John Madigan may not withdraw from the case without notification to the court and compliance to the local rule. It's important to note that Mr. Kupersmith believes that since he apparently has been abandoned by his attorney, that in acting as a pro se litigant, Plaintiff believes that he has 3 additional days to file this Motion for Reconsideration. At this point, I request that the court consider the duress placed on Mr. Kupersmith in filing this motion, as he was noticed the day that he believes that filing was due to file this motion. Plaintiff Kupersmith has obviously been abandoned by Attorney Madigan and therefore, requests permission for the future amendment of this Motion for Reconsideration, due to the aforementioned reasons.

9. Plaintiff Kupersmith could not respond to the document requests because Attorney John Madigan has possession of the Plaintiff's documents; he never kept his client abreast of the developments of the case nor did he inform him of the requirements or copy him on any correspondence from the court. Attorney Woodall also failed to notify Plaintiff Kupersmith of any and all correspondence from the court.

10. Previous to the filing, the Debtor was named Defendant in an adversary proceeding (a.p.#05033) brought by Ronald Chorches, Chapter 7 Trustee for the Estate of Corey Kupersmith, on May 20, 2016, in the US Bankruptcy Court, District of Connecticut. (See Objection to Defendant's Motion for Summary Judgment, January 14, 2019, Case # 16-70733). who was discharged in April 2018 from the Board of Connecticut Trustees, for malfeasant and nefarious acts. All of this occurred during Mr. Kupersmith's fraudulent Connecticut bankruptcy filing, which should have never been filed in the first place. This stems from Plaintiff

Kupersmith being placed into a fraudulent bankruptcy filing by Attorney Mark Stern. After seven years and before Attorney Ellery Plotkin's death, he came clean and disclosed to the court that Plaintiff Kupersmith should have never been in placed into a bankruptcy - and that it was a plot by Attorney Mark Stern and others to steal it all.

11. Judge Laney has ignored Plaintiff's testimony as to the facts of his case. Mr. Kupersmith for years has been denied his Constitutional Rights, partly, but not in whole, because he is considered by his physicians to be 100% disabled. Mr. Kupersmith being extremely ill, having full-day lifesaving treatments at the hospital (one day per week), followed by a second day of treatment, which almost always renders him incapacitated for the better part of a week. Because of the strength of the medications, Mr. Kupersmith suffers from various after effects, such as coma-like sleep sometimes lasting up to 4 days and beyond. It's imperative to reiterate the severity of Mr. Kupersmith's medical condition, as stated by multiple physicians on Mr. Kupersmith's care team that without the life-saving treatment that he is currently receiving, he would surely die. It's extremely hard to function with these life threatening diseases; I am unable to care for my dog, let alone myself. I find it necessary to have a friend take my Service Dog to her home to care for him, while I am in a coma-like sleep. She cares for my Service Dog up to 4 days per week, since on these days, I am completely non-functional and unable to leave my bed, since I sleep all day. I will be following up this Motion with possibly multiple affidavits that I cannot file affidavits because an affidavit would need to be signed by a notary, and since I was just notified at 5 pm on April 8, 2021, that my Motion for Reconsideration could possibly be due as early as today, leaving me no alternative other than to crawl from my bed and ask my friend to assist me in helping me type up this Motion for Reconsideration, leaving only a few hours to complete my Motion for Reconsideration. My attorney of record,

John Madigan, continues his course of conduct by disobeying the Judge's court order to vigorously defend Mr. Kupersmith..

12. I haven't been able to research anything further because my attorney, John Madigan, is no where to be found. Attorney John Madigan has abandoned me and failed to comply with the Judge's order. To my understanding, as pro se, I believe that under the Federal Rules of court, I am allowed 3 extra days for mailing to file this Motion for Reconsideration. Wherefore, I again ask this honorable court to allow me to amend and revise this motion as necessary, since it is filed timely. Without any access to research access to research materials or my attorney, John Madigan, it is impossible for me to know if this request would be automatically granted by statute or by permission. After repeated efforts by Plaintiff Kupersmith to contact Attorney John Madigan by phone and email, Attorney John Madigan has not responded. Attorney John Madigan has walked away from this case, after Judge Laney ordered Attorney Madigan to represent Plaintiff Kupersmith.

WHEREFORE, based on the foregoing, Plaintiff Kupersmith respectfully asks this bankruptcy court for the opportunity to be heard, or grant his Motion for Reconsideration and his request to vacate the court's order granting the dismissal of the Memorandum Opinion and Order in A.P. 17-7025 Kupersmith v. McCutcheon.

WHEREFORE, based on the foregoing, and due to the national emergency and the need for me to protect myself due to my illnesses, Plaintiff Kupersmith respectfully makes a prayer for relief from this honorable court, including:

1. Memorandum Opinion and Order in A.P. 17-7025 Kupersmith v. McCutcheon

2. Suspended the deadline, if in fact there is a deadline for Plaintiff Kupersmith to amend this timely filing of this Motion to Reconsider.

3. Or in the alternative, suspend the 14 day deadline, so Plaintiff Kupersmith isn't prejudiced because of the failure of his court appointed attorney, John Madigan.

4. And any other just relief the court finds, will bring about a fair and equitable outcome.

5. This disclaimer is being made by Mr. Kupersmith to make sure that the court understands that this Motion for Reconsideration is being filed under extreme duress, while Plaintiff Kupersmith was notified at the last minute, while very ill and under weekly treatment. In addition to his illness, Mr. Kupersmith was not notified nor assisted by his court appointed Attorney John Madigan.

DATED: April 8, 2021

                                       Respectfully Submitted
                                       The Pro Se Debtor

                                       By:__Corey Kupersmith

                                       41 Byram Terrace Drive, #B
                                       Greenwich, CT 06831

### Certification of Service

The Pro Se Plaintiff, Corey Kupersmith hereby certifies that a copy of the Motion for Reconsideration has been electronically or by US mail sent to all parties of record on April 8, 2021.

*Corey Kupersmith* (signature)
Corey Kupersmith

To: Kathy Dunlap

From: Corey Kupersmith

Fax: 706-649-7845

Email: emergencyfilings@gamb.us.courts.gov

**FILED**
U.S. Bankruptcy Court
APR 9 2021
Middle District of Georgia

# EMERGENCY FILING DUE TO POTENTIAL 14 DAY DEADLINE

## PERMISSION GRANTED BY KATHY DUNLAP TO FILE THIS MOTION FOR RECONSIDERATION ASAP