

**SIGNED this 19 day of May, 2021.**

_____
**John T. Laney, III
United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DAVID B. MCCUTCHEON** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 16-70733-JTL** |
| | ) | |
| | ) | |
| **COREY KUPERSMITH** | ) | |
| | ) | **ADVERSARY NO. 17-7025** |
| Movant. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID B. MCCUTCHEON** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION ON PLAINTIFF'S
MOTION TO RECONSIDER OR VACATE AND
ORAL MOTION TO CONTINUE THE HEARING**

This above-styled motion came before the Court on Plaintiff's, Corey Kupersmith, motion to reconsider or vacate and oral motion to continue. Pl.'s Mot. to Recons. or Vacate, ECF No. 152; Hr'g Held, ECF No. 160. After considering the Movant's arguments, this Court finds that the Movant is not entitled to relief. The Court, therefore, denies the Movant's motion to reconsider or vacate and denies his oral motion to continue the hearing.

## I. PROCEDURAL POSTURE AND FACTS PLED

The facts of this case have remained largely unchanged since the last proceeding. On October 31, 2017, the Plaintiff, Corey Kupersmith filed a complaint requesting the revocation of the discharge granted to the Defendant, David B. McCutcheon. Pl.'s Compl., ECF No. 1. The Movant claims, because of allegations of false representations made to the Court, the Debtor's discharge granted in his bankruptcy case should be revoked under 11 U.S.C. § 1330. Pl.'s Compl., ECF No. 1.

After extended discovery, the Court set the trial date for November 3, 2020. The parties submitted a pre-trial order which was signed by the Court on July 28, 2020. Consolidated Pretrial Order, ECF No. 126. The pre-trial order stated that the Movant would produce seven categories of documents by October 30, 2020. Consolidated Pretrial Order, ECF No. 126. After a last-minute motion was filed by the Movant on October 26, 2020 to continue the trial, the Court held a hearing October 27, 2020. Hr'g Held, ECF No. 131. During the hearing, the Court orally ordered that the parties exchange exhibits by October 30, 2020, the original date in the pre-trial order. Hr'g Held, ECF No. 131.

Mr. Woodall, attorney for the Respondent, averred that on November 5, 2020, Mr. Madigan, attorney for the Movant, contacted him to inform him that he received the Respondent's exhibits. Hr'g Held, ECF No. 144. Mr. Madigan told Mr. Woodall he would

2

review the exhibits and send Mr. Woodall the Movant's exhibits that the Respondent did not already have. Hr'g Held, ECF No. 144. Mr. Woodall told Mr. Madigan that he expected the Movant to send copies of all the documents including the duplicates. Hr'g Held, ECF No. 144. Mr. Woodall stated he had not heard from Mr. Madigan between that conversation and his motion to compel. Hr'g Held, ECF No. 144.

On December 1, 2020, the Respondent filed a motion to compel the Movant to produce his exhibits. Def.'s Mot. to Compel, ECF No. 132. Neither the Movant nor his attorney attended the hearing on the Respondent's motion to compel. Hr'g Held, ECF No. 137. Due to a clerical error, the Court had entered a scheduling order setting the deadline to exchange the exhibits by April 30, 2021. Scheduling Order, ECF No. 133; Am. Scheduling Order, ECF No. 135. The Court, realizing its error in the scheduling order as opposed to its oral order, granted the motion to compel and amended its scheduling order to require the Movant to produce his exhibits by January 10, 2021. Order Granting Mot. to Compel, ECF No. 138; Am. Scheduling Order, ECF No. 139. The Court also stated failure to produce those documents could result in sanctions. Order Granting Mot. to Compel, ECF No. 138.

On January 11, 2021, after still not receiving the documents, Mr. Woodall sent, by certified mail, a letter to the Movant and Mr. Madigan setting a new deadline of January 22, 2021.[1] Hr'g Held, ECF No. 144. Mr. Woodall averred that he had still not received the documents which led him to file a motion to dismiss and motion for sanctions on February 4, 2021. Hr'g Held, ECF No. 144. The Court held a hearing on the Respondent's motion to dismiss and motion for sanctions on March 4, 2021. Hr'g Held, ECF No. 144. The Court entered an order

---

[1] The letter from the Respondent to the Movant mistakenly stated the deadline was January 22, 2020, not January 22, 2021. The Respondent states that the timing of the letter would have indicated to the Movant that the intention was to write 2021. The Movant made no argument to the contrary. Therefore, this Court assumes the Movant understood the Respondent's intention.

3

dismissing the Movant's adversary proceeding as a sanction on March 25, 2021. *In re McCutcheon*, 626 B.R. 344 (Bankr. M.D. Ga. 2021). Order Granting Mot. to Compel, ECF No. 148. The Plaintiff filed a motion to reconsider or vacate on April 9, 2021. Pl.'s Mot. to Recons. or Vacate, ECF No. 152. The Court heard the parties' arguments on April 26, 2021 and took the matter under advisement. Hr'g Held, ECF No. 160.

II.    **FINDINGS OF FACT AND LEGAL ANALYSIS**

The Movant brings this motion under the Federal Rules of Bankruptcy Procedure Rules 7052, 9023, and 9024 and claimed that his due process rights were violated by the Court's dismissal of his case. Pl.'s Mot. to Recons. or Vacate, ECF No. 152. The Movant also orally moved to continue this matter during the hearing on his motions. Hr'g Held, ECF No. 160. For the foregoing reasons, the Court denies the Movant's written and oral motions.

### A. The Movant cannot be granted relief under Federal Rules of Bankruptcy Procedure Rules 7052 or 9023.

Federal Rules of Bankruptcy Procedure Rule 7052 states, "Rule 52 F.R.Civ.P. applies in adversary proceedings, except that any motion under subdivision (b) of that rule for amended or additional findings shall be filed no later than 14 days after entry of judgment." Fed. R. Bankr. P. 7052. Rule 52(b) states, in part, "[o]n a party's motion the court may amend its findings--or make additional findings--and may amend the judgment accordingly. Fed. R. Civ. P. 52. In discussing the standard of a 52(b) motion, Eleventh Circuit cited *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986) stating a Rule 52(b) motion is proper to "correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 771 F. App'x 991, 995 (11th Cir.), cert. denied, 140 S. Ct. 523, 205 L. Ed. 2d 335 (2019). "[A] judgment should not be set aside except for substantial reasons." *In re Novak,* 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (citing *Ramos v. Boehringer*

4

*Manheim Corp.,* 896 F.Supp. 1213, 1214 (S.D.Fla.1994)). A Rule 52(b) motion is not meant to "introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merit." *Fontenot*, 791 F.2d at 1219.

Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure which permits a motion for a new trial or a motion to amend or alter judgment. This Court interprets the Movant's motion to reconsider as a motion to amend or alter judgment under Rule 9023. Only three grounds are available to support the motion: (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence. *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "A motion for reconsideration is not a vehicle to re-argue issues resolved by the court's decision or to make additional argument on matters not previously raised by counsel." *In re Daughtrey*, 896 F.3d 1255, 1280 (11th Cir. 2018).

Because of the similarities in their standards, courts often consider these motions together. *See e.g. In re Hollowell*, 242 B.R. 541, 542–43 (Bankr. N.D. Ga. 1999); *In re Harlan*, No. BKR. 05-13794-H11, 2006 WL 6591974, at *3 (Bankr. S.D. Cal. Nov. 20, 2006). Under either Rule 7052 or 9023, the Movant has the burden of proving a manifest error of fact, manifest error of law, or newly discovered evidence. Because the Movant did not raise factual errors or new evidence in his motion, this Court assumes from his pleadings the Movant believes the Court made a manifest error in law. This Court finds it did not.

The Court previously dismissed the Movant's matter under the Federal Rules of Bankruptcy Procedure Rule 7041 which incorporates the Federal Rules of Civil Procedure Rule 41. Fed. R. Bankr. P. 7041. The Court can dismiss under the Federal Rules of Civil Procedure Rule 41(b) where it finds a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). This

Court previously found that the Movant had established a clear record of delay and dismissed his adversary proceeding. *In re McCutcheon*, 626 B.R. 344. The Court found the Movant "failed to timely respond to motions, delayed discovery, continued a trial with roughly one week's notice, failed to appear at hearings, and has failed to timely exchange the exhibits to be used at trial." *Id.* at 347. The Movant's behavior demonstrated a clear record of delay which warranted dismissal.

The evidence on the record also demonstrates the Movant's willful contempt of the Court's orders. In the hearing on the Respondent's motion to dismiss and motion for sanctions, the Court questioned Mr. Madigan, the attorney for the Movant, why the Movant's evidence had not been produced to the Respondent. Hr'g Held, ECF No. 144.  Mr. Madigan responded that, because he believed his evidence were copies of documents the Respondent already had, his failure did not prejudice the Movant. Hr'g Held, ECF No. 144. The Court reiterated the importance of complying with the Court order, to which the Respondent offered no defense. Hr'g Held, ECF No. 144. As of the hearing on the Movant's motion to reconsider, the Respondent still had not received the Movant's trial exhibits. Hr'g Held, ECF No. 160. This Court finds Mr. Madigan was aware of the Court's deadline to produce documents to the Respondent and has failed to comply with it. Therefore, dismissal was appropriate under Rule 41(b).

Finally, the Court addressed other sanctions and why those sanctions would not suffice rather than dismissing the Movant's adversary proceeding. *In re McCutcheon*, 626 B.R. at 348. The Court reiterates those findings, that lesser procedural or monetary sanctions would be insufficient to remedy the Movant's delays and disregard for the Court's authority. The Movant did not argue or present evidence to the contrary. Therefore, the Court does not find that the Movant met his burden to demonstrate that the Court made a manifest error of law and denies the Movant's motions under the Federal Rules of Bankruptcy Rules 7052 and 9023.

### B. The Movant cannot be granted relief under Federal Rules of Bankruptcy Procedure Rule 9024.

The Movant also states he is bringing his motion under Federal Rule of Bankruptcy procedure Rule 9024. Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure. Rule 60 states, in part,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or a applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. The Movant's pleadings do not specify under which of the Rule 60(b) elements he claims relief. Without specific allegations, this Court interprets the Movant's pleading to claim relief under either subsection (1) or (6). Under either, the Movant cannot be awarded relief from judgment.

### a. The Movant is Not Entitled to Relief under Rule 60(b)(1).

Rule 60(b)(1) states that a party may be relieved from judgment if the Court finds "mistake, inadvertence, surprise, or excusable neglect" on behalf of the party or his legal representative. This Court interprets Movant's proceedings to claim that his attorney, Mr. Madigan, failed to produce the evidence to the defense and that constitutes excusable neglect. The Supreme Court stated in *Pioneer Investment. Services Company v. Brunswick Associates*

7

*Limited Partnership*, 507 U.S. 380, 394 (1993), "[a]t least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."

*Pioneer* came before the Supreme Court from a case decided by Court of Appeals of the Sixth Circuit which found that the party's attorneys, not the party itself, was responsible for the negligence that led to the judgment against it. *Id.* at 396. The Court of Appeals for the Sixth Circuit relieved the party of judgment because the "respondents did all they reasonably could in policing the conduct of their attorney." *Id.* The Supreme Court disagreed with this approach based on the long-standing principle that "clients must be held accountable for the acts and omissions of their attorneys." *Id.* Instead, the Supreme Court focused its analysis on "whether the neglect of respondents *and their counsel* was excusable." *Id.* at 397 (emphasis in original). Therefore, the Court must address the Movant's attorney's actions as the agent for the Movant to determine whether his neglect was excusable.

This Court dismissed the Movant's action because the Movant, represented by Mr. Madigan, failed to produce his exhibits to the defense in anticipation of trial. In *Pioneer*, the Supreme Court stated,

> we conclude that the determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395. This Court must consider "at least, each of the factors announced in *Pioneer* when ruling on a Rule 60(b) motion." *Chege v. Georgia Dep't of Juv. Just.*, 787 F. App'x 595, 598 (11th Cir. 2019). This Court will therefore analyze each of the factors and determine whether the Movant's actions constitute excusable neglect.

8

First, the Court addresses the "danger of prejudice" to the Respondent. *Pioneer*, 507 U.S. at 395. The Respondent produced his exhibits to the Movant at some point in either late October or early November 2020. Hr'g Held, ECF No. 144. This Court found in its earlier opinion that that the Movant's delay to produce his evidence constituted prejudice to the Respondent, which led to the dismissal of the Movant's adversary proceeding. The Movant argued, through his attorney, in the hearing on the Respondent's motion to dismiss that the documents were copies of documents that were already available to the Respondent. Hr'g Held, ECF No. 144. The Respondent argued that the Movant could not know what documents he did or did not already have and his client was harmed by the evidentiary delays. Hr'g Held, ECF No. 144. The Court has no evidence of what documents the Respondent currently has in his possession.

This Court determined in its original memorandum opinion that the Plaintiff's failure to produce its exhibits hindered the Respondent's ability to adequately prepare for trial without the exhibits the Movant planned to use. *In re McCutcheon,* 626 B.R. at 348. At the time of the hearing on the motion to dismiss in which the Respondent argued he was prejudiced by the delay, the Movant had approximately five extra months to prepare for trial with access to the Respondent's exhibits. *Id.* During the hearing on this motion on April 26, 2021, the Respondent averred he still has not received the exhibits from the Movant in anticipation of trial. Hr'g Held, ECF No.160. This Court finds again that the Respondent is prejudiced by the Movant's delay.

Second, the Court addresses the "length of the delay and its potential impact on judicial proceedings." *Pioneer*, 507 U.S. at 395. The Court set October 30, 2020 as the original deadline to produce exhibits in this case. The Movant requested a continuance of trial approximately one week before the date the trial was to begin. Hr'g Held, ECF No. 131. The Court granted the continuance, but orally ordered the parties to exchange their exhibits in accordance with the

9

original deadline. Hrg' Held, ECF No. 131. As aforementioned, the Respondent has still not received the exhibits approximately six months after the original deadline and the trial has been continued once already. *See Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 745 (11th Cir. 2017) (finding a three-month delay and "delays of similar length...inexcusable without a good reason.") The Court is unsure when, if ever, the exhibits would be produced to the Respondent and at what point the trial could be rescheduled. Accordingly, the Court finds the Movant has delayed the proceedings by at least six months by failing to produce his documents to the Respondent, unjustly delaying the trial and resolution of this case.

The Court looks next to the "reason for the delay" to determine whether the Movant's actions qualify as excusable neglect. *Pioneer*, 507 U.S. at 395. At two points, the Movant had the opportunity to explain why he had not produced his evidence to the Respondent. First, Mr. Madigan, attorney for the Movant, did not offer an explanation during the hearing on the motion to dismiss as to why the evidence had not been produced. Hr'g Held, ECF No. 144. The Movant, arguing pro se in this motion, when asked why he had failed to produce the documents, could only offer that he had lost contact with Mr. Madigan and Mr. Madigan possessed the evidence. Hr'g Held, ECF No. 160. The failure to timely produce the evidence was in the control of Mr. Madigan and Mr. Madigan has offered no real explanation for the delay. While the Court finds the communication problems between the Movant and his attorney unfortunate, as aforementioned, the Movant is accountable for Mr. Madigan's "acts and omissions" as his attorney. *Pioneer*, 507 U.S. at 395. Accordingly, because Mr. Madigan, as attorney for the Movant, possesses the evidence and could offer no explanation as to why he has not produced the evidence to the Respondent, the Court finds no adequate reason for the delay to justify a finding of excusable neglect.

Finally, the Court examines whether the Movant has acted in good faith. *Pioneer*, 507 U.S. at 395. This Court dismissed this case under Rule 41(b) because of the Movant's failure to produce its evidence to Respondent in anticipation of trial. *In re McCutcheon*, 626 B.R. 344. In its finding, the Court found that the Movant created a clear pattern of delay because he "failed to timely respond to motions, delayed discovery, continued a trial with roughly one week's notice, failed to appear at hearings, and has failed to timely exchange the exhibits to be used at trial." *In re McCutcheon,* 626 B.R. at 347. The Court's original analysis demonstrates a finding of bad faith on behalf of the Movant which warranted dismissal as a sanction. The Court will look to the Movant's arguments to determine whether he presented evidence to overcome the Court's original finding. *See Bohannon v. PHH Mortg. Corp.*, No. 1:12-CV-02477-RWS, 2015 WL 1137663, at *4 (N.D. Ga. Mar. 12, 2015). ("Overturning [a 41(b) dismissal] on a Rule 60(b) motion would require evidence that the Court's [41(b)] analysis was incomplete or incorrect.")

The Movant's argument primarily focuses on Mr. Madigan's failings as attorney for the Movant, however, the Movant does not present evidence of Mr. Madigan's good faith as required to relieve the Movant of inaction under the excusable neglect standard. "Courts are empowered to sanction willful misconduct by an attorney, even if it burdens the client, and courts can only grant Rule 60(b)(1) relief for an attorney's excusable neglect." *Bohannon*, 2015 WL 1137663, at *4. Mr. Madigan's failures cannot qualify as good faith. Because Mr. Madigan willfully failed to comply with Court orders and delayed the proceedings in such an egregious manner, the Court found the only appropriate sanction to be dismissal. While the Court sympathizes with the Movant, it cannot find Mr. Madigan acted in good faith and cannot find his actions to be excusable neglect. Because the Court finds that the *Pioneer* factors are not met, the Court will not grant the Movant's Rule 60(b)(1) motion.

11

### b. The Movant is Not Entitled to Relief under Rule 60(b)(6).

Because the Movant was unclear under which subsection of Rule 60(b) he requests relief, the Court also interprets the Movant's pleadings to request relief under Rule 60(b)(6). Rule 60(b)(6) empowers courts to relieve judgment for "any other reason [than specified in Rule 60(b)] that justifies relief." Fed. R. Civ. P. 60(b)(6). However, a court cannot grant relief under Rule 60(b)(6) "for any reason which the court could consider under [60](b)(1)" including attorney negligence. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). *See also S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) ("Attorney error must be made under the more specific Rule 60(b)(1), rather than under the 'residual equitable authority' contained in Rule 60(b)(6).") Accordingly, because the Court cannot identify other grounds presented by the Movant as grounds for relief outside of Mr. Madigan's negligence, the Court cannot grant the Movant relief under Rule 60(b)(6).

### C. The Court Did Not Violate the Movant's Due Process Rights.

Movant also argues that the dismissal of his case as a sanction deprived him of due process. Due process has two analyses: substantive due process and procedural due process. Since the Movant did not specify which prong of due process encompassed his deprivation, the Court will address both. The substantive due process inquiry determines "whether the challenged act is 'unreasonable, arbitrary or capricious and [whether it has] a real and substantial relationship to a permissible legislative objective.' *In re Rapp*, 16 B.R. 575, 577 (Bankr. S.D. Fla. 1981) (quoting *Matter of Joyner*, 7 B.R. 596, 599 (Bankr. M.D. Ga. 1980)). The procedural due process inquiry determines whether the Movant had "an opportunity to contest the validity of an action to deprive him of his property and serves the purpose of preventing arbitrary or unfair deprivation" *In re Rapp,* 16 B.R. 575, 577 (Bankr. S.D. Fla. 1981).

This Court first turns to substantive due process to determine whether the Movant's rights were violated. The Movant claims that the Court acted in a "biased and unconstitutional" manner when it dismissed his adversary proceeding. Pl.'s Mot. to Recons. or Vacate, ECF No. 152. This Court interprets the Movant's pleadings to state that he believes the act of the Court's dismissal of his claim violated his due process rights. After a thorough review of the docket and a hearing, the Court outlined in a memorandum opinion its finding that the Movant failed to prosecute his case and why dismissal was appropriate under Rule 41(b). *In re McCutcheon*, 626 B.R. 344. The Court's thorough analysis of the Movant's delay demonstrates its findings were not unreasonable, arbitrary, or capricious.

The Court has "the inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016). In accordance with that power, "a court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Congress enacted the Rules of Civil Procedure, including Rule 41(b), "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Dismissal for failure to comply with a court order and clear delays in judicial proceedings directly advances Congress's stated objective. Because the challenged act was not unreasonable, arbitrary, or capricious and advanced a permissible legislative objective, the Court does not find the Movant was denied substantive due process.

The Court now turns to the procedural due process inquiry to determine whether the Movant's rights were violated. The Movant argues that he has the "right to be heard" on his case despite his failure to prosecute his case. Hr'g Held, ECF No. 160. Procedural due process

ensures that litigants have the opportunity prosecute their cases involving constitutionally protected rights, such as property. *See Anderson Nat. Bank v. Luckett*, 321 U.S. 233, 246 (1944). The right to be heard, however, does not protect a litigant from dismissal under Rule 41(b) due to sanctionable conduct during the legal proceedings. The Respondent provided the Movant with notice of the hearing on the Respondent's motion to dismiss and the motion for sanctions to which he attended. Def.'s Mot. to Dismiss, ECF No. 143. During the hearing, both he and his attorney advanced arguments on the Movant's behalf in opposition to the Respondent's motion to dismiss. Hr'g Held, ECF No. 144. The Movant had notice of the hearing and the opportunity to respond. While the Movant may disagree with the outcome of the motion to dismiss, the Court has afforded the Movant procedural due process in this action and he is not entitled to relief.

Furthermore, the Movant claims he did not receive notice of the ongoing proceedings including the failure of Mr. Madigan to produce the documents. The docket shows the Bankruptcy Noticing Center, the "BNC", mailed copies of the Consolidated Pretrial Order, the Order Scheduling Trial, and the Order Amending the Scheduling Order to the Movant's home address. BNC Certificate of Mailing, ECF No. 127; BNC Certificate of Mailing, ECF No. 129; BNC Certificate of Mailing, ECF No. 141. Mr. Woodall also mailed copies of the Respondent's motion to compel, motion to dismiss, and motion for sanctions to the Movant as well as the Movant's attorney. Def.'s Mot. to Compel, ECF No. 132; Def.'s Mot. for Sanctions, ECF No. 142, Ex. 17. "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996). Because the Movant offered no evidence to rebut the presumption that the aforementioned properly mailed documents were not received by the Movant, the Court cannot find the Movant did not have notice of the proceedings.

### D. Movant's Oral Motion to Continue

The Movant also orally requested a continuance of this matter until he could find representation for the motion. The Court finds that the Movant did not comply with local requirements for the procedure to request a continuance in a matter. *See* the Middle District of Georgia Bankruptcy Clerk's Instructions, p. 61. Furthermore, the Court sees no further benefit for a continuance of this motion because the Movant has already presented his written and oral arguments. *See In re Hutter*, 207 B.R. 981, 992 (Bankr. D. Conn. 1997). Therefore, the Court denies the Movant's motion to continue.[2]

### III.    CONCLUSION

The Court finds that the Movant is not entitled to relief under Federal Rules of Bankruptcy Rules 7052, 9023, 9024, and his due process claims. The Court also will not grant his oral motion to continue. Accordingly, this Court will enter an order denying the Movant's motion to reconsider or vacate and his oral motion to continue.

---

[2] The Movant also claims he was entitled to three additional days to file his motion under Federal Rules of Bankruptcy Procedure Rule 9006(f). Because the timeliness of his motion was not contested by the Respondent, the Court does not address this issue.

END OF DOCUMENT